SALTER, J.
(dissenting).
I respectfully dissent from the opinion on rehearing. In my view, our original per curiam affirmance entered December 31, 2008, was correct.
The defendant claimed in his pro se motion that he should receive credit for time served in Miami-Dade County (on a new and separate charge) commencing January 17, 2008, because a Monroe County arrest warrant and “hold/detainer” were placed against him on that date relating to his two prior Monroe County violation of probation cases.
The defendant attached to his motion under Florida Rule of Criminal Procedure 3.800 a copy of the “as issued” Monroe County warrant dated November 30, 2007, but did not attach a copy of the “as served” warrant. The trial court concluded in the order summarily denying the motion:
*691 A review of the court files reveals that prior to the Defendant’s arrest on April 30, 2008 on the warrants in these two cases for violation of probation, he was being held in the Dade County Jail on charges from that jurisdiction and was not available for transport to Monroe County until April 25, 2008. (emphasis provided).
The trial court granted credit for time served commencing April 22, 2008, however, the closeout date shown by the Miami-Dade Clerk for Cossio’s jail time there. The Monroe County criminal case information docket for the defendant’s two violation of parole cases discloses that the served warrants were not filed there until May 5, 2008.
I would not remand on a defendant’s eonclusory allegation such as this to a trial judge who has affirmatively represented that he has inspected the original arrest records and determined for himself the arrest date — particularly since the on-line docket shows that the “as served” warrant is part of the lower court file. Here the “record” referred to in Florida Rule of Appellate Procedure 9.141(b)(2)(D) includes the trial judge’s written statement to us regarding the actual arrest date, and that statement conclusively refutes the defendant’s allegation. If the defendant wishes to dispute the official record as reported by the trial judge, he should refile his motion and should attach a copy of the “as-served” warrant.
I recognize that in many cases it may be difficult for an incarcerated defendant to procure a plea hearing transcript, a sentencing scoresheet, or some other disposi-tive document, and I am not suggesting that trial judges need not attach such documents to them orders summarily denying post-conviction motions under Florida Rules of Criminal Procedure 3.800 and 3.850. In this particular case, I simply think that the trial judge should not be asked to engage in a “do over” unless the defendant has some written record to support his bare (and obviously self-serving) allegation. I therefore respectfully dissent from the decision on rehearing to reverse and remand for further proceedings.